Avery, Sr. v. NH DOC                92-CV-292-SM  02/20/08

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Clifford E. Avery, Sr.,
     Petitioner

     v.                                    Civil No. 92-cv-262-SM
                                           Opinion No. 2008 DNH 041
Commissioner of the New Hampshire
Department of Corrections,
     Respondent


**O R D E R**


     Petitioner, Clifford E. Avery, has filed what he styles as a "motion to set aside void order," in which he asks the court to vacate its judgment, entered in 1993, denying his petition for federal habeas corpus relief with respect to his 1973 state murder conviction. Avery v. N.H. Dep't of Corrections, Case No. 92-cv-262, slip op. (D.N.H. Sept. 29, 1993). Avery emphasizes that his motion "does not seek to vacate Plaintiff's state court conviction but only this court's order dismissing his first federal habeas corpus petition due to a fundamental defect in the court's habeas proceedings integrity." Accordingly, he points to Fed. R. Civ. P. 60(b)(4) as authority for vacating the 1993 habeas judgment, and consciously does not invoke the provisions of 28 U.S.C. § 2254.

On September 29, 1993, petitioner's first habeas petition was denied. An opinion was issued explaining the court's analysis leading to that decision. Avery, supra. Judgment was entered on December 14, 1993. That decision was affirmed on appeal. Avery v. Commissioner, 32 F.3d 561 (1st Cir. 1994) (Table).

Subsequently, Avery filed another petition for habeas corpus relief in this court challenging that same conviction (apparently after filing an unsuccessful application for leave to file a second or successive petition in the United States Court of Appeals for the First Circuit). See Avery v. Wall, No. 06-cv-448-SM, Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 or in the Alternative the All Writs Act 28 U.S.C. § 1651 (document no. 1). In that petition Avery claimed, again, that his state murder conviction was void and his imprisonment unconstitutional because, among other things, his state murder case was brought under a statute which had been repealed. Consequently, said Avery, his conviction was not valid under any applicable criminal statute. That petition was necessarily dismissed, by order dated December 21, 2006, as a second or successive petition for federal habeas relief that the district court had not been authorized to consider. See 28 U.S.C. §

2244(b)(3)(A). Again petitioner sought appellate relief, and again it was denied when the Court of Appeals entered judgment on November 30, 2007, denying petitioner's request for a certificate of appealability "[e]ssentially for the reasons given by the district court in its order, dated December 21, 2006." (The Court of Appeals also denied petitioner's motion to recuse the appellate judges from considering his request.) Avery v. Wall, No. 07-1405 (1st Cir. November 30, 2007).

The current motion, ostensibly filed under Fed. R. Civ. P. 60(b)(4), by its terms again seeks to have this court's original judgment denying habeas relief (in 1993) vacated. And, once again, petitioner asserts that the federal habeas judgment was void for lack of jurisdiction because his underlying state court conviction was void for various reasons, particularly that the state indictment was based upon a criminal statute that had been repealed at the time the indictment issued. In other words, petitioner is asserting that the 1993 federal habeas judgment should be vacated because his state conviction is void and his state imprisonment unconstitutional, thus this court was without personal or subject matter jurisdiction over him or his habeas petition in 1993.

3

Plainly, the motion under Rule 60(b)(4) is, in substance and reality, a not very well disguised effort to obtain federal habeas relief in the nature of a ruling that his state murder conviction and sentence are unconstitutional. As the Court of Appeals for the First Circuit has made clear, a Rule 60(b) motion that principally challenges the constitutionality of a habeas petitioner's underlying conviction should be treated as a second or successive habeas petition under the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996). See Rodwell v. Pepe, 324 F.3d 66, 70 (1st Cir. 2003) ("When the motion's factual predicate deals primarily with the constitutionality of the underlying . . . conviction or sentence, then the [Rule 60(b)] motion should be treated as a second or successive habeas petition.") Here, the factual predicate urged by petitioner as grounds for vacating the 1993 habeas judgment is his claim that federal jurisdiction was lacking because his state conviction was void and his imprisonment unconstitutional. The motion, then, principally challenges the constitutionality of his underlying conviction.

As the Rule 60(b) motion is properly treated as a second or successive habeas petition, this court is without jurisdiction to consider it, absent prior authorization by the United States

4

Court of Appeals for the First Circuit, which authorization has not been granted, and which petitioner has apparently not sought. See 28 U.S.C. § 2244(b)(3)(A); United States v. Barrett, 178 F.3d 34 (1st Cir. 1999).

Although the petition could be transferred to the United States Court of Appeals for the First Circuit for consideration as an application for leave to file a successive petition, see 28 U.S.C. § 1631, transfer is not mandated. Because petitioner has raised identical issues previously, and the Court of Appeals has either already resolved them or has declined to authorize consideration of a successive petition in which those issues were sought to be raised, this petition will be dismissed for lack of jurisdiction.

## Conclusion

The motion ostensibly filed under the provisions of Fed. R. Civ. P. 60(b) is a successive petition for federal habeas relief relative to petitioner's state murder conviction. That petition is necessarily dismissed for lack of jurisdiction to consider it,

authorization to do so not having been granted by the United

States Court of Appeals for the First Circuit.[1]


        **SO ORDERED.**

                      _____
                      Steven J. McAuliffe
                      Chief Judge

February 20, 2008

cc:   United States Attorney – NH
      Clifford E. Avery, Sr., pro se

---

[1] Petitioner also filed a motion seeking recusal of all the judges of this district from considering this matter, for various reasons with respect to each judge (with the exception of Judge Laplante, who is newly appointed). That motion is denied without prejudice to renewing it should the Court of Appeals authorize the district court to consider his second or successive petition (or determine that the motion for relief under Rule 60(b) is not properly construed as a successive petition).